IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHANDRA LYONS, ADC #704518                                                        PLAINTIFF

v.                          NO. 1:15CV00012 JLH/JTR

MORRISON, Commissary Staff,
McPherson Unit, ADC, *et al.*                                                      DEFENDANTS

**OPINION AND ORDER**

Chandra Lyons is a prisoner in the McPherson Unit of the Arkansas Department of Correction. She has filed a *pro se* § 1983 complaint and a motion to consolidate. Documents #1 and #3.

**I.      Filing Fee**

The fee for filing a civil action in federal court is $400. Lyons has not paid that fee or filed an application to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on January 22, 2015, Lyons filed at least three § 1983 actions that were dismissed for failing to state a claim upon which relief may be granted. *See Lyons v. McDonald,* 5:96CV00369; *Lyons v. Anderson,* 5:96CV00463; *Lyons v. Thompson,* 5:96CV00547. Nevertheless, Lyons may proceed *in forma pauperis* if she falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious

physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Lyons alleges that defendants are violating her constitutional rights by improperly handling her prisoner trust account and incorrectly charging her for items purchased at the prison commissary. Neither of those allegations place Lyons in imminent danger of serious physical injury.  Thus, it would be futile to direct Lyons to file an application to proceed *in forma pauperis*.  Accordingly, this case will be dismissed due to Lyons' failure to pay the filing fee.  Lyons will have thirty days to reopen this case by paying the $400 filing fee in full.

## II.     Motion to Consolidate

Lyons seeks permission to combine all the claims she has raised in ten lawsuits she has filed in this district into one, consolidated case.  Federal Rule of Civil Procedure 20(a)(2) provides that claims against multiple defendants may be joined in one lawsuit only if the claims arise "out of the same transaction, occurrence, or series of transactions and occurrences" and involve a "question of law or fact" that is "common to all defendants."  The claims Lyons has raised against numerous defendants in her ten separate lawsuits are not factually or legally related.  Additionally, the Eighth Circuit has clarified that a prisoner cannot attempt to defeat the filing fee requirements in § 1915 by joining unrelated and legally distinct claims in one lawsuit.  *See Bailey v. Doe*, No. 11-2410, 2011 WL 5061542  (8th Cir. Oct. 26, 2011) (unpublished opinion).  Accordingly, Lyons' motion to consolidate is denied.  Document #3.

**III.    Conclusion**

IT IS THEREFORE ORDERED THAT:

1.   Lyons' motion to consolidate is denied (Document #3);

2.   Lyons' complaint is dismissed without prejudice for failing to pay the filing fee. If Lyons wishes to reopen this case, she must, **within thirty days of the entry of this Opinion and Order,** pay the $400 filing fee in full and file a motion to reopen; and

3.   The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

DATED this 2nd day of March, 2015.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE